# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS CROUSE,** | : | **CIVIL ACTION NO. 1:05-CV-2315** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **WEST LEBANON TOWNSHIP, et al.,** | : | |
| **Defendants** | : | |

-----------------------------------------------------------------------------

| | | |
|---|---|---|
| **THOMAS CROUSE,** | : | **CIVIL ACTION NO. 1:05-CV-2414** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **WEST LEBANON TOWNSHIP, et al.,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 21st day of November, 2005, upon consideration of plaintiff's petitions, docketed at Civil Action No. 1:05-CV-2315 (Doc. 4, 5) and Civil Action No. 1:05-CV-2414 (Doc. 1), for a temporary restraining order and permanent injunction, requesting that defendant West Lebanon Township be enjoined from "applying [its] local ordinances" and "interfer[ing] with the private property of private citizens living in West Lebanon," and it appearing that these cases have not been certified as class actions, see Ameron, Inc. v. U.S. Army Corps of Eng'r, 787 F.2d 875, 888 (3d Cir. 1986) ("In the absence of a certified class action, [a plaintiff is] only

entitled to relief for [him or her] self."); see also Favia v. Ind. Univ. of Pa., 7 F.3d 332, 339 n.10 (3d Cir. 1993) (same), and that plaintiff has not demonstrated irreparable injury or a reasonable probability of success on the merits of his claims, see BP Chems., Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 263 (3d Cir. 2000) (stating that the moving party must demonstrate "irreparable injury" and a "reasonable probability of success on the merits" for injunctive relief to issue), and it further appearing that the above-captioned actions involve the same defendants, arise from the same underlying events and involve common questions of fact and law, see FED. R. CIV. P. 42(a) ("When actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated . . . ."), and that a responsive pleading has not yet been filed in either case, see FED. R. CIV. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."), it is hereby ORDERED that:

1. The petitions, docketed at Civil Action No. 1:05-CV-2315 (Doc. 4, 5) and Civil Action No. 1:05-CV-2414 (Doc. 1), for a temporary restraining order and permanent injunction are DENIED.  See BP Chems., Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 263 (3d Cir. 2000).

2. The above-captioned cases are CONSOLIDATED for all purposes.

   a. The Clerk of Court is directed to CONSOLIDATE the case docketed as Civil Action No. 1:05-CV-2414 into the case docketed as Civil Action No. 1:05-CV-2315, and to docket the complaint filed in Civil Action No. 1:05-CV-2414 as a "first-amended complaint" in Civil Action No. 1:05-CV-2315.  See FED. R. CIV. P. 42(a); id. 15(a).

   b. The Clerk of Court is directed to effect service of the first-amended complaint on the defendants named therein, and to CLOSE the case docketed as Civil Action No. 1:05-CV-2414.

      c.     All future documents filed in this consolidated case shall be filed under the case docketed as Civil Action No. 1:05-CV-2315.

3.    Plaintiff shall be permitted to file, on or before December 5, 2005, a second-amended complaint.  Failure to file a second-amended complaint will result in this case proceeding only on those claims and against those defendants set forth in the first-amended complaint.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge